IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**BRENDA P. WORRELL,**

    **Petitioner,**

v.                                       **CIVIL ACTION NO. 1:04-0679**

**WARDEN VANESSA ADAMS,**

    **Respondent.**

### MEMORANDUM OPINION

On July 6, 2004, petitioner filed a petition under 28 U.S.C. § 2241 contending a term of incarceration that was imposed upon her on June 17, 2003, was unconstitutional.[1]  (See Doc. No. 2 at 2.)  Petitioner argues that the Bureau of Prisons unlawfully computed her sentence by not applying certain statutory early release criteria.  (See id. at 7.)

28 U.S.C. § 1915A(a) directs courts to review complaints filed by prisoners against the government "before docketing, if feasible or . . . as soon as practicable after docketing" to ascertain whether they contain valid claims.  Section 1915A(b)(1) directs the court to dismiss any complaint, or portions of any complaint, which contain claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  Id.

---

[1] By Standing Order, this case was initially referred to a magistrate judge for preparation of proposed findings and recommendation as to disposition.  (Doc. No. 4.)  To expedite this case's disposition, the court hereby **VACATES** the Standing Order, only as applied to this case.

However, petitioner was only sentenced to a 24-month term of incarceration. (See Doc. No. 2 at 1.) A search of the records of the Bureau of Prisons indicates that petitioner has been released as of the date of this opinion. Petitioner's case must fail because she has been released from prison. As such, by accompanying Judgment Order, petitioner's claim seeking release from prison is moot, and must be dismissed. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that a "collateral consequence" of conviction must exist after a prisoner's release in order for her to continue to maintain a challenge to her confinement); Lopez v. Fed. Bureau of Prisons, 2006 WL 219607, *1 (D.P.R. 2006). As such, petitioner's claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Because this case fails to state a claim upon which relief can be granted, in an accompanying Judgment Order, the court: (1) **DISMISSES** petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 2); and (2) **DIRECTS** the Clerk to remove this action from the active docket of this court and to forward a certified copy of this Memorandum Opinion to all counsel of record and the petitioner, pro se.

IT IS SO ORDERED this 14th day of August, 2006.

ENTER:

David A. Faber
Chief Judge